UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RAJVIR SINGH RAI,

              Plaintiff,              21 Civ. 11145 (PAC)

  -against-                          **ORDER**

HARPAL S. RAI,

              Defendant.
-----------------------------------------------------------------X

Defendant Harpal S. Rai moves to dismiss the Complaint filed by Plaintiff Rajvir Singh Rai pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6).[1] For the reasons stated below, the motion is **GRANTED** as to Count One with respect to the property at 1264 Randall Avenue and as to Count Two in its entirety; the motion is **DENIED** as to Count One with respect to the property at 82 Brown Place.

## BACKGROUND

For the purposes of this motion, the Court accepts all allegations in the Complaint as true. Plaintiff and his sister, Mandeep Rai, are the son and daughter of Sukhvinder Singh ("Decedent"), who died intestate on October 21, 2021. Notice of Removal, Ex. A ¶ 5, ECF No. 1 ("Compl."). Prior to his death, Decedent personally owned a property located at 82 Brown Place, Bronx, New York 10454, Block 2277, Lot 1 ("Brown Property"). *Id.* ¶ 6. Additionally, Decedent owned a corporation called 1264 Randall Corp. ("the Corporation"), which itself owned a property located

---

[1] The Court notes that Defendant also moves to dismiss pursuant to Federal Rule of Civil Procedure 10(b) but **DENIES** the motion on these grounds. "Although Federal Rule of Civil Procedure 10(b) requires a party to 'state its claims or defenses in numbered paragraphs,' dismissal is not the appropriate remedy for a failure to state claims in separate counts." *Rizvi v. Allstate Corp.*, No. 3:18-CV-01921 (VAB), 2019 WL 4674658, at *4 (D. Conn. Sept. 25, 2019) (quoting *Haberkamp v. Steele*, 1992 WL 84544, at *8 (S.D.N.Y. Apr. 15, 1992)). Such a motion is more properly brought under Rule 12(e). *Id.*

at 1264 Randall Avenue, Bronx, New York 10474, Block 2768, Lot 295 ("Randall Property"). *Id.* ¶ 8. Both deeds were recorded on December 2, 1999. *Id.* ¶¶ 6, 8. On September 24, 2021, about one month before he died, Decedent deeded both properties to his brother, Defendant, for zero consideration. *Id.* ¶¶ 7, 9; Christou Decl., Exs. C, D, ECF No. 18. Both of these deeds were recorded at the New York City Department of Finance Office of the City Register on November 3, 2021, approximately two weeks after Decedent passed away. Compl. ¶¶ 7, 9; Christou Decl., Exs. C, D. Plaintiff alleges the transfers were a were "a sham or fraudulent transfer, or a constructive trust" under which both properties were to be held for Decedent's heirs—Plaintiff and his sister. *Id.* ¶ 11. Plaintiff further alleges that Defendant was unjustly enriched by the transfer of both properties. *Id.* ¶ 17. As a remedy, Plaintiff requests that title for both properties be transferred to himself and his sister as tenants in common. *Id.* ¶ 15.

On or about December 2, 2021, Plaintiff filed this action in the Bronx County Supreme Court of the State of New York. Notice of Removal ¶ 2, ECF No. 1. On December 29, 2021, Defendant removed the action to federal court on the basis of diversity jurisdiction. *Id.* On May 2, 2022, Defendant moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Def.'s Mot., ECF No. 16.

## DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing by a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* In reviewing a Rule 12(b)(1) motion to dismiss, the court "must accept as true all material factual allegations in the complaint, but [may] not [ ] draw inferences from the complaint favorable to plaintiff[ ]." *J.S. ex*

2

*rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004). Further, in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may consider "evidentiary matter . . . presented by affidavit or otherwise." *Kanmen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir 1986).

### I. Probate Exception is Not Applicable and This Court Has Jurisdiction

As this action at least facially concerns matters related to probate, the Court must first determine whether it has jurisdiction in light of the federal probate exception to diversity jurisdiction, despite the fact that neither party challenges jurisdiction on these grounds. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006) ("[Courts] have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."). "[T]he probate exception 'reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.'" *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 105 (2d Cir. 2007) (quoting *Marshall v. Marshall*, 547 U.S. 293, 297 (2006)). A federal court addressing a probate jurisdictional issue must first determine that jurisdiction "otherwise lies," meaning that there is an appropriate separate and independent ground for federal court subject-matter jurisdiction, such as diversity or federal question jurisdiction. *Id.* at 106.

The parties here are diverse (Plaintiff is domiciled in New Jersey, and Defendant in Florida) and the amount in controversy exceeds $75,000, thus satisfying this threshold consideration. Notice of Removal ¶¶ 8, 14. "[U]nless a federal court is endeavoring to (1) probate or annul a will, (2) administer (or invalidate the administration of) an estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court, the probate exception does not apply." *King v. Shou-Kung Wang*, 663 Fed. App'x. 12, 13 (2d Cir. 2016).

Plaintiff's accusations sound in fraud, traditionally a matter outside of probate. *See Witzenburg v. Jurgens*, No. CV-05-4827 (SJF), 2007 WL 9710763, at *5 (E.D.N.Y. Mar. 1, 2007) ("To the extent plaintiff's claims sound in fraud, such claims sound in tort which are routinely found to be outside of the bounds of the probate exception."). Further, as the Court is not being asked to determine the validity of a will or administer an estate, the first and second parts of the probate exception inquiry are satisfied. *See Moser v. Pollin*, 294 F.3d 335, 340 (2d Cir. 2002).

The Court turns now to whether it will "have to assume *in rem* jurisdiction over any property in the custody of the probate court." *Bartone v. Podbela*, No. 17-CV-03039 (ADS)(GRB), 2018 WL 1033250, at *5 (E.D.N.Y. Feb. 23, 2018). Unquestionably, this case involves two parcels of property that Plaintiff alleges should be part of Decedent's Estate. But the question is not whether those properties were properly distributed in probate, but rather whether they were subject to a valid *inter vivos* transfer. *See Abercrombie v. Andrew Coll.*, 438 F. Supp. 2d 243, 254–55 (S.D.N.Y. 2006) (distinguishing between disputes regarding *inter vivos* transfers and disputes regarding property that is undisputedly part of the estate under the probate exception). Thus, the properties will only become assets of Decedent's Estate if Plaintiff is ultimately successful on the merits. At this stage of the litigation, before the merits have been decided, the Court has the jurisdiction to address the matter. *Id.* (finding the probate exception did not apply where the plaintiff challenged an *inter vivos* transfer and the deed was recorded in the defendant's name).

## II. Plaintiff's Standing to Bring This Action

The Court now addresses Defendant's motion to dismiss, primarily his allegation that Plaintiff lacks standing to bring this action. To allege standing, "(1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct at issue; and (3) the injury must be likely to be redressed by a favorable decision." *Medina v. City*

4

*of New York*, No. 19-CV-9412 (AJN), 2020 WL 7028688, at *4 (S.D.N.Y. Nov. 30, 2020) (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)). "For purposes of Article III standing, an 'injury in fact' is 'an invasion of a legally protected interest which is (a) concrete and particularized[ ] and (b) actual or imminent, not conjectural or hypothetical.'" *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

Here, Defendant alleges that Plaintiff lacks standing because (1) Plaintiff was not the executor of the Decedent's Estate at the time the Complaint was filed; and (2) the Randall Property was not under Decedent's control at the time of the September 24, 2021 transfer. The Court addresses each argument in turn.

### A. Only the Administrator of Decedent's Estate Has Standing Here

At its core, standing doctrine ensures that a federal court inquires whether a plaintiff "alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975) (quotations omitted). As such, in cases involving property disputes, "[a] court should look to the law of the jurisdiction that created the property right to determine a claimant's legal interest." *Gass v. Mamedova-Braz*, No. 15 CIV. 3799 (ER), 2017 WL 3588944, at *6 (S.D.N.Y. Aug. 18, 2017) (quoting *United States v. 12636 Sunset Ave., Unit E-2, W. Ocean City, Md.*, 991 F. Supp. 2d 709, 711 (D. Md. 2014)).

"[I]n New York, heirs suing for damages resulting from a diminished inheritance generally have no standing to sue because 'legatees and beneficiaries thereof have no independent cause of action either in their own right or in the right of the estate to recover estate property.'" *Witzenburg v. Jurgens*, No. CV-05-4827 (SJF), 2007 WL 9710763, at *9 (E.D.N.Y. Mar. 1, 2007) (quoting

5

*Wierdsma v. Markwood Corp.*, 384 N.Y.S.2d 836, 837 (1st Dept. 1976)); *see also Pensionsversicherungsanstalt v. Turner*, No. 04 CIV. 1694 (RJH)(MHD), 2004 WL 1542221, at *2 (S.D.N.Y. July 2, 2004). Such a claim regarding a diminished inheritance is only maintainable by the executor or administrator of the estate. *See Gaentner v. Benkovich*, 795 N.Y.S.2d 246, 249 (N.Y. App. Div. 2d Dep't 2005) ("An executor, who is charged with the duty of recovering the property of the estate, must represent the legatees in the administration of the estate, and legatees thus have no independent right to maintain an independent cause of action for the recovery of property of the estate."). Plaintiff originally brought this suit in his individual capacity, and not as the representative of the estate; in that regard, he initially lacked standing.[2]

Nevertheless, in a letter to the Court dated November 22, 2022, Plaintiff writes that he is now officially the Administrator of Decedent's Estate. Pl.'s Letter, ECF No. 26. Generally "[a] plaintiff's standing is considered at the time the action was commenced."[3] *Vaccariello v. XM Satellite Radio, Inc.*, 295 F.R.D. 62, 68 (S.D.N.Y. 2013) (citing *Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir.1994)); *accord Azim v. Vance*, 530 F. App'x 44, 46 (2d Cir. 2013). But "a standing

---

[2] Additionally, the Court notes that, as Plaintiff is domiciled in New Jersey, his capacity to sue pursuant to Rule 17(b) is governed by New Jersey law. *Museum of Mod. Art v. Schoeps*, 549 F. Supp. 2d 543, 546 (S.D.N.Y. 2008) (noting an individual party's capacity to appear in the lawsuit is governed by the law of his domicile). In any event, New York and New Jersey law employ similar limitations on the right to sue on behalf of a decedent. *See Meimaris v. Royce*, No. 19-3339-CV, 2021 WL 5170725, at *2 n.2 (2d Cir. Nov. 8, 2021) (applying both New York and New Jersey law to an heir's claim and finding no individual capacity to sue).

[3] It is unclear whether, in an action removed from state court to federal court, a plaintiff must have standing at the time of filing or at the time of removal. Courts in this Circuit have applied this requirement at the time of filing. *See, e.g., Sunset Homeowners Ass'n, Inc. v. DiFrancesco*, No. 1:19-CV-00016 EAW, 2019 WL 1597497, at *3 (W.D.N.Y. Apr. 15, 2019). Other courts, in the context of a motion to remand, have held that standing is measured at the time of removal. *See, e.g., Rembert v. Am. Coradius Int'l, LLC*, No. 22 C 1093, 2022 WL 1211510, at *1 (N.D. Ill. Apr. 25, 2022). Because Plaintiff here lacked standing both when the action was filed *and* when it was removed, the Court need not address the issue here.

6

defect at the commencement of suit does not require dismissal of the action with prejudice." *In re Vivendi Universal, S.A. Sec. Litig.*, 605 F. Supp. 2d 570, 584 (S.D.N.Y. 2009). Instead, Federal Rule of Civil Procedure 17(a) allows courts wide discretion to substitute a real party of interest. *Yien-Koo King v. Wang*, No. 14 CIV. 7694 (JFK), 2018 WL 1478044, at *5 (S.D.N.Y. Mar. 26, 2018)(citing Fed. R. Civ. P. 17(a)(3)). "A Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997). Plaintiff's November 22, 2022, letter indicates he can now establish standing in his capacity as Administrator of Decedent's Estate and may thus be able to overcome his standing defects. *See* Pl.'s Letter.

Courts in this Circuit have found "substitution to replace invalid estate administrators" to be a valid use of this power. *Yien-Koo King*, 2018 WL 1478044, at *5 (quoting *Fletcher v. City of New London*, No. 3:16-CV-241 (MPS), 2017 WL 690533, at *4 (D. Conn. Feb. 21, 2017)). The Court agrees that substitution is in the interest of the liberal policy underlying Rule 17(a)(3), and thus finds Plaintiff has standing to bring this action as the Administrator of his father's Estate.

*B. Randall Property Was the Subject of Corporate Ownership*

Next, Defendant alleges that Plaintiff lacks standing to sue regarding the transfer of the Randall Property because it was owned by the Corporation, not Decedent, when it was transferred to Defendant. Generally, upon the death of the owner of a corporation, the property remains in the control of the corporation. *Cf. In re Hicks*, 899 N.Y.S.2d 371, 373 (N.Y. App. Div. 2d Dep't 2010) (holding the administrator of an estate lacked the authorization to transfer title of a property because it belonged a decedent's corporation, not the estate). The Randall Property deed indicates that at the time of the transfer at issue, the Randall Property was indeed owned by the Corporation,

---

and Plaintiff does not dispute that. Cristou Decl., Ex. C; Compl. ¶ 8. As such, even if the Randall Property remained in the Corporation's name and not Defendant's name, Plaintiff would not be entitled to have the property turned over to the Estate.

Plaintiff claims that the Randall Property was actually the personal property of the Decedent, and that the nature of the Corporation warrants "piercing the corporate veil." *Shantou Real Lingerie Mfg. Co. v. Native Grp. Int'l, Ltd.*, 401 F. Supp. 3d 433, 439 (S.D.N.Y. 2018) (quotations omitted) ("Under New York law, the courts will disregard the corporate form, or, to use accepted terminology, pierce the corporate veil, whenever necessary to prevent fraud or to achieve equity."). This argument fails for several reasons. First, Plaintiff does not raise any allegations or claims in the Complaint regarding a piercing of the corporate veil. *see Taylor v. Quayyum*, No. 1:16-CV-1143-GHW, 2021 WL 6065743, at *8 (S.D.N.Y. Dec. 21, 2021) (noting that arguments and allegations that are not raised in the complaint need not be considered on a motion to dismiss).

Second, even considering the allegations presented by Plaintiff as evidence of jurisdiction under Rule 12(b)(1), he only alleges that (1) Decedent was the chief executive officer of the Corporation; (2) Decedent registered his home address as the "Principal Executive Office Address"; and (3) Decedent signed the mortgage on the Randall Property as an officer of the Corporation. *See* Pl.'s Opp. at 9–20, Exs. A, B, ECF Nos. 21–23. This is insufficient to allege that piercing a corporate veil is warranted. *See In re Vebeliunas*, 332 F.3d 85, 91–92 (2d Cir. 2003) (quotations omitted) ("To pierce the corporate veil under New York law, a plaintiff must prove that: (1) the owner exercised such control that the corporation has become a mere instrumentality of the owner, who is the real actor; (2) the owner used this control to commit a fraud or other wrong; and (3) the fraud or wrong results in an unjust loss or injury to the plaintiff.").

In sum, Plaintiff has not shown he has a "personal stake" in the outcome of this corporate transaction, and the claim thus must be dismissed. *Warth*, 422 U.S. at 498.

### III. Failure to State a Claim

The Court now turns to the merits of Plaintiff's claim. To defeat a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court draws all inferences in favor of the plaintiff as the nonmoving party. *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019). The Court may consider facts alleged in the Complaint as well as documents that it attaches or incorporates by reference. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

As previously discussed, the Court lacks jurisdiction to address Plaintiff's claims with respect to the Randall Property. Further, Defendant does not argue the first count (addressing the "sham or fraudulent transfer, or [] constructive trust") should be dismissed pursuant to Rule 12(b)(6). Def.'s MOL, ECF No. 17; Def.'s Reply, ECF No. 24; *see Mech. Plastics Corp. v. W.W. Grainger, Inc.*, No. 12CIV4688 (LAK)(MHD), 2013 WL 12333770, at *16 (S.D.N.Y. Oct. 3, 2013) ("Since defendant does not challenge the pleading adequacy of the contract claim, defendant's motion should be denied with respect to that claim."). The Court, therefore, solely addresses Plaintiff's claim for unjust enrichment.

To plead unjust enrichment, "a litigant must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *Columbia Mem'l Hosp. v. Hinds*, 192 N.E.3d

9

1128, 1137 (N.Y. 2022) (quotations omitted). Critically, under New York law, a claim of unjust enrichment fails where it merely duplicates or replaces a tort or contract claim. *Zottola v. Eisai Inc.*, 564 F. Supp. 3d 302, 318 (S.D.N.Y. 2021). "[A]n unjust enrichment claim 'is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff[,]'as in cases 'in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled.'" *In re Fyre Festival Litig.*, 399 F. Supp. 3d 203, 222 (S.D.N.Y. 2019) (quoting *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177 (N.Y. 2012)).

In his Complaint, Plaintiff does not allege a single fact differentiating his unjust enrichment claim from his other tort claims. *See* Compl. ¶¶ 16–17. The claim thus fails because, "to the extent that Plaintiffs' other claims succeed, the unjust enrichment claim is duplicative, and if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects." *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 291 (S.D.N.Y. 2014); *In re Fyre Festival Litig.*, 399 F. Supp. 3d at 222 (dismissing where "plaintiffs have offered no distinction for how the unjust enrichment claim differs from their tort claims").

Further, Plaintiff merely recites the legal requirements for alleging unjust enrichment in his Complaint, and therefore, in the most traditional sense, fails to state a claim. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a 12(b)(6) motion, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

## CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's Complaint as to the Randall Property based claims and to the claim of unjust enrichment pursuant to Rules 12(b)(1) and 12(b)(6). The Court dismisses the Randall Property claim without prejudice as it does not reach the merits of that claim and leave to amend should be "freely give[n]." Fed R. Civ. P. 15(a)(2). The motion is DENIED as to Plaintiff's remaining claims regarding the Brown Property. The parties are directed to submit to this Court a case management plan with 21 days of this Order. The Clerk of Court is directed to close the motion at ECF No. 16.

Dated: New York, New York
March 10, 2023

SO ORDERED

*/s/ Paul A. Crotty*
HONORABLE PAUL A. CROTTY
United States District Judge